Judgment rendered May 10, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,019-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

PATRICK N. ELDRIDGE                         Appellant

* * * * *

Appealed from the
Fifth Judicial District Court for the
Parish of Franklin, Louisiana
Trial Court No. 2020316F

Honorable Will Barham, Judge

* * * * *

LOUISIANA APPELLATE PROJECT              Counsel for Appellant
By: Douglas Lee Harville

PENNY WISE DOUCIERE                      Counsel for Appellee
District Attorney

AMANDA MICHELE WILKINS
SHIRLEY GUILLORY GEE
Assistant District Attorneys

* * * * *

Before ROBINSON, HUNTER, and MARCOTTE, JJ.

**ROBINSON, J.**

Patrick Eldridge pled guilty to two sex offenses involving victims under the age of 13 and was sentenced under the terms of the plea agreement. Appellate counsel has filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So. 2d 241; and *State v. Benjamin*, 573 So. 2d 528 (La. App. 4 Cir. 1990). Appellate counsel has also filed a motion to withdraw as counsel of record.

We grant the motion to withdraw, affirm Eldridge's convictions and sentences, and remand for the trial court to correct an error in the minutes and Uniform Sentencing Commitment Order ("USCO").

## FACTS

Eldridge was indicted by a grand jury in Franklin Parish on two counts of first degree rape (victim under 13) and two counts of sexual battery (victim under 13). One rape and both sexual batteries involved the same victim, who was not older than eight years old at the time of the offenses. The victim of the other rape was six years old at the time of the offense.

On March 15, 2022, Eldridge pled guilty to two amended counts of attempted first degree rape. The remaining counts of sexual battery were dismissed. A sexual battery charge under a different docket number was also dismissed. There was an agreed-upon sentence cap of 50 years on each conviction, with the sentences to be served concurrently. The State waived any habitual offender billing, and the parties stipulated that the trial court would disregard the mandatory minimum sentence. Various motions which

had been filed by Eldridge's trial counsel were withdrawn. The trial court ordered a presentence investigation ("PSI") report.

A felony plea bargain agreement in accord with the plea terms was signed by Eldridge, his trial counsel, and the assistant district attorney on March 15, 2022.

At the beginning of the sentencing hearing held on May 17, 2022, Eldridge's trial counsel complained that the plea agreement was for a 25-year sentence cap and that was what he had discussed with Eldridge. The court then ordered a brief recess to examine the minutes from the plea hearing. When the court went back on the record, the assistant district attorney stated that a 50-year cap was in the minutes and in the written plea agreement. Eldridge's trial counsel then explained that his confusion stemmed from a counter-offer during plea negotiations, and he could not dispute that the record showed that the sentencing range faced by Eldridge was 0-50 years.

At sentencing, the trial court read from the PSI, which included a statement of remorse from Eldridge and a statement from the mother of the victims. The court also noted Eldridge's convictions for simple burglary in 2005 and drug possession in 2009. The court considered Eldridge's personal history as set forth in the PSI. After the court read a victim impact letter from the ex-wife of Eldridge's brother, defense counsel objected that the letter concerned a charge which had been dismissed. The court responded that it would not consider that letter, and then moved on to letters written in support of Eldridge. Finally, after considering the La. C. Cr. P. art. 894.1 sentencing guidelines, the court sentenced Eldridge to 50 years at hard labor without benefits on each count of attempted first degree rape. The sentences

2

were to run concurrently. The court denied defense counsel's oral motion to reconsider the sentences as excessive.

On May 26, 2022, Eldridge's trial counsel filed a written motion to reconsider the sentences. Counsel argued in the motion against the trial court's use of the word "appetite" at sentencing even though Eldridge had no prior arrests for any sex crimes. He averred that it placed Eldridge in a bad light without any factual basis, and it implied that Eldridge was a predator and a future danger to the public. Counsel also maintained that the trial court should not have read the letter which he had objected to at the hearing. The motion was denied.

Trial counsel filed a motion to appeal and a motion to appoint appellate counsel. Upon reviewing the record and finding no nonfrivolous issues to be reviewed on appeal under *Anders v. California*, *supra*, appellate counsel subsequently filed a motion to withdraw as counsel of record.

On December 16, 2022, this Court entered an order holding the motion in abeyance and rescinding the *pro se* briefing deadline that had already been fixed. Eldridge was notified that he had 10 days from the date of the order to file a written request to view the appellate record, and 30 days to file a brief in this appeal. Eldridge has not filed a *pro se* brief.

**DISCUSSION**

Review of this record reveals no nonfrivolous errors regarding either the guilty plea or the imposed sentences. Eldridge voluntarily and knowingly pled guilty to the two amended counts. The guilty plea colloquy was valid under *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). His guilty plea waived all nonjurisdictional defects in the proceedings prior to the plea. *State v. McGarr*, 52,641, 52,642 (La. App. 2

3

Cir. 4/10/19), 268 So. 3d 1189; *State v. Stephan*, 38,612 (La. App. 2 Cir. 8/18/04), 880 So. 2d 201.

La. C. Cr. P. art. 881.2(A)(2) states that a "defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." It applies to plea agreements involving both specific sentences and sentencing caps. *State v. Young*, 96-0195 (La. 10/15/96), 680 So. 2d 1171. Thus, as a general matter, sentences imposed in accordance with plea agreements are unreviewable. *State v. Kennon*, 19-00998 (La. 9/1/20), 340 So. 3d 881. When the right to appeal has been mentioned by the district court during the plea colloquy, even though there is an agreed sentence or sentence cap, the defendant's sentence may be reviewed. *State v. Thomas*, 51,364 (La. App. 2 Cir. 5/17/17), 223 So. 3d 125, *writ denied*, 17-1049 (La. 3/9/18), 238 So. 3d 450. In *Kennon*, *supra*, the Louisiana Supreme Court noted that the record indicated that the parties and the court intended for Kennon to be able to seek appellate review of the sentence. In this matter, Eldridge was told by the trial court before accepting the guilty plea that he would not be allowed to appeal or seek review of the length or severity of the sentence.

As part of Eldridge's plea agreement, there was a sentencing cap and no mandatory minimum, and both sentences were to be served concurrently. The sentences were imposed in conformity with the plea agreement as set forth in the record at the time of his plea. Thus, under art. 881.2(A)(2), Eldridge is barred from seeking appellate review of his sentence.

***Error Patent***

Our error patent review of this record reveals that the court minutes and the USCO fail to state that the sentences were to be served without

4

benefits. When there is a discrepancy between the minutes and the transcript, the transcript prevails. *State v. Burns*, 53,250 (La. App. 2 Cir. 1/15/20), 290 So. 3d 721. This matter is remanded to the trial court with instructions to amend the minutes and the USCO to state that the sentences are to be served without benefit of parole, probation, or suspension of sentence.

## CONCLUSION

For the foregoing reasons, we grant the motion to withdraw, affirm the convictions and sentences, and remand this matter for the trial court to amend the minutes and the USCO.

**MOTION TO WITHDRAW GRANTED; CONVICTIONS AND SENTENCES AFFIRMED; REMANDED WITH INSTRUCTIONS**.